IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHANNON S. JONES §<br>§<br>Petitioner, §<br>§<br>VS. §<br>§  NO. 3-06-CV-2187-K<br>NATHANIEL QUARTERMAN, Director §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division §<br>§<br>Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Shannon S. Jones, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of aggravated robbery with a deadly weapon. Punishment, enhanced by one prior felony conviction, was assessed at 35 years confinement. His conviction and sentence were affirmed on direct appeal. *Jones v. State*, No. 05-04-01281-CR, 2005 WL 1515535 (Tex. App.--Dallas, Jun. 28, 2005, no pet.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Jones*, No. 66,166-01 (Tex. Crim. App. Nov. 29, 2006). Petitioner then filed this action in federal district court.

II.

Petitioner raises two broad issues in four grounds for relief. Succinctly stated, petitioner contends that: (1) the evidence was factually and legally insufficient to support his conviction; and (2) he received ineffective assistance of counsel.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light

of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

In three related grounds, petitioner contends that the evidence was factually and legally insufficient to prove that he committed the robbery or establish his guilt beyond a reasonable doubt.[1]

1.

The court initially observes that a claim based on factually insufficient evidence is not cognizable under 28 U.S.C. § 2254. Under Texas law, intermediate appellate courts have the authority to review fact questions in criminal cases. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). This "factual sufficiency" review of the evidence is broader than a "legal sufficiency" challenge under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *Id.* Instead of viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," a factual sufficiency inquiry views all the evidence to determine whether the verdict "is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Pruitt v. Cockrell*, No. 3-00-CV-1713-H, 2001 WL 1115339 at *13 (N.D. Tex. Sept. 14,

---

[1] Respondent argues that petitioner's sufficiency claims are procedurally barred from federal habeas review because they were presented to the Texas Court of Criminal Appeals for the first time in an application for state post-conviction relief. (*See* Resp. Ans. at 12-13). Although a federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default, the state court opinion must contain a "plain statement" that its decision rests on adequate and independent state grounds. *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct 1038, 1043, 103 L.Ed.2d 308 (1989); *Smith v. Collins*, 977 F.2d 951, 955 (5th Cir. 1992), *cert. denied*, 114 S.Ct. 97 (1993). Here, the state habeas court refused to consider petitioner's sufficiency claims because those issues were raised on direct appeal. (*See* St. Hab. Tr. at 24, ¶ 8). While it is true that "sufficiency of the evidence is not properly raised in a habeas corpus application," *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994), it is not clear that the state court denied post-conviction relief for that reason.

2001), *quoting Clewis*, 922 S.W.2d at 129. The power of state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory and constitutional authority. *Id.* at *14, *citing Clewis*, 922 S.W.2d at 129-30, *and Bigby v. State*, 892 S.W.2d 864, 874-75 (Tex. Crim. App. 1994), *cert. denied*, 115 S.Ct. 2617 (1995). There is no corresponding right of review under the United States Constitution. *Id.*; *see also Daisy v. Dretke*, No. 3-04-CV-2015-D, 2004 WL 3167743 at *2 (N.D. Tex. Dec. 21, 2004) (citing cases).

2.

Petitioner argues that the evidence was legally insufficient to prove that he committed the robbery or establish his guilt beyond a reasonable doubt. Federal habeas review of a legal sufficiency claim is extremely limited. A federal court may not disturb a state criminal conviction unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 99 S.Ct. at 2789; *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991), *cert. denied*, 113 S.Ct. 102 (1992). The evidence must be viewed in the light most favorable to the verdict. *Jackson*, 99 S.Ct. at 2789; *Gibson*, 947 F.2d at 781. This standard of review applies in both direct and circumstantial evidence cases. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir.), *cert. denied*, 111 S.Ct. 265 (1990).

Federal courts are bound by state statutes and case law in determining the elements of an offense. *Foy v. Donnelly*, 959 F.2d 1307, 1313 (5th Cir. 1992). Under Texas law, a person commits the offense of aggravated robbery if: (1) while in the course of committing theft, (2) with the intent to obtain or maintain control of property, (3) he intentionally and knowingly causes bodily injury to another person, and (4) uses or exhibits a deadly weapon. TEX. PENAL CODE ANN. §§ 29.03(a)(2) & 29.02(a)(2) (Vernon 1999); *see also Hereford v. Dretke*, No. 3-03-CV-0566-M, 2003 WL

21999497 at *3 (N.D. Tex. Aug. 21, 2003), *rec. adopted*, 2003 WL 22387573 (N.D. Tex. Oct. 16, 2003), *citing Arthur v. State*, 11 S.W.3d 386, 389 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd).

Petitioner was charged by indictment with aggravated robbery. (*See* St. App. Tr. at 2). At trial, Steven Vo, a cashier at South Side Grocery, testified that he was robbed on the evening of September 15, 2003 by a masked man holding two guns. Although the mask covered the lower part of the gunman's face, Vo noticed that the suspect had a "teardrop" tattoo under his eye, tattoos of "praying hands and a candle" on his arms, and a distinctive hairstyle "similar to Peewee Herman, the front part sweeping up." The man took money from the cash register and a gun from underneath the counter. When the suspect tried to run from the store, he slammed into a locked door and the gun went off. The man also lost his mask, allowing Vo to see that he had gold teeth at the front of his mouth. Marcus Hester, a cook at the store, confirmed that the gunman had gold teeth. A few days after the robbery, Vo identified petitioner from a photo lineup as the man who robbed the store. Vo also identified petitioner in open court.

In rejecting petitioner's legal sufficiency claim on direct appeal, the state court wrote:

> Vo positively identified appellant as the man who robbed him at gunpoint. Vo told the responding officer on the date of the offense that the gunman had gold teeth, a teardrop tattoo on his face, and a distinctive hairstyle. Vo identified appellant from a photographic lineup a few days after the robbery. Vo testified he had seen appellant several times in the store before the robbery had occurred, and the robber seemed to know where the money was located. Vo also testified that he saw appellant's arm tatoos during the robbery and described those tattoos to the police.

*Jones*, 2005 WL 1515535 at *3. Although petitioner now claims that Vo misidentified him as the gunman, the evidence was more than sufficient to enable a rational jury to find otherwise. These grounds for relief are without merit and should be overruled.

C.

Petitioner further contends that he received ineffective assistance of counsel because his attorney failed to impeach the state's witnesses with their "previous description and conflicting statements." (Hab. Pet. at 8, ¶ 20(D)). In an affidavit filed with the state habeas court, petitioner's attorney, John Boyle, testified that he did not know of any previous conflicting statements given by any witness prior to trial. (St. Hab. Tr. at 26). Although Boyle tried to find evidence to impeach the state's witnesses, petitioner was unable to produce any such evidence. (*Id.*). The state court accepted this explanation and found that petitioner received effective assistance of counsel. (*Id.* at 23, ¶ 6). That finding is conclusive in a subsequent federal habeas proceeding unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002) (presumption of correctness applies to both explicit and implicit findings necessary to state court's conclusions of mixed law and fact). Petitioner has failed to identify any witness who made a prior inconsistent statement or gave a different description of the suspect prior to trial. Without such evidence, the court cannot begin to analyze a claim of ineffective assistance of counsel. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 13, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE